# EXHIBIT 1

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is executed by and between Inventure Foods, Inc., a Delaware corporation ("Inventure"), on the one hand, and Robert Hutton, a stockholder of Inventure ("Hutton"), on the other, effective as of the date of execution by the Parties (the "Effective Date"). Inventure and Hutton are collectively referred to herein as the "Parties" and individually as a "Party."

### Recitals

**A.**    **WHEREAS,** in or about June 2016 Hutton delivered to Inventure a request to inspect certain books and records of Inventure under Title 8, Section 220 of the Delaware General Corporation Law Code ("Demand").

**B.**    **WHEREAS,** the Parties have various disagreements concerning both the purpose of the Demand and the scope of the documents requested.

**C.**    **WHEREAS,** Inventure has, subject to its objections, without waiver of any privilege, and reserving all rights, agreed to produce certain documents to Hutton.

**D.**    **WHEREAS,** the documents that Inventure intends to produce to Hutton are confidential, contain trade secrets, and/or are commercially sensitive.

**NOW, THEREFORE**, for and in consideration of the foregoing recital provisions, the Parties agree as follows:

**A. Document Production**

The Materials to be produced by Inventure may contain trade secret, Confidential Information and/or proprietary information, including without limitation: research and development information; technical information including drawings and schematics; cost, price, financial, and marketing information; and other proprietary commercial information. The purpose of this Agreement is to protect the confidentiality of such Materials.

**B. Definitions**

The Parties hereby agree that, for the purpose of this Agreement, the following terms shall have the meanings provided below:

1. The term "Confidential Information" shall mean and include information contained or disclosed in any Materials that contain confidential and/or proprietary information, including without limitation research and development information; technical information including drawings and schematics; cost, price, financial, and marketing information; and any other confidential or proprietary commercial and business information.

2. The term "Materials" shall include without limitation: documents, correspondence, email, memoranda, bulletins, blueprints, specifications, price lists or schedules, or other matter identifying pricing data, financial information, minutes, letters, statements, contracts, invoices, drafts, books of account, worksheets, notes of conversations, desk diaries,

appointment books, expense accounts, recordings, photographs, motion pictures, compilations from which information can be obtained and translated into reasonably usable form through detection devices, sketches, drawings and schematics, notes (including laboratory notebooks and records), reports, instructions, disclosures, other writings, models and prototypes and/or other physical objects.

### C. Designation Of Confidential Information / Materials

Confidential Information and/or Materials that Inventure believes should be subject to this Agreement may be designated by Inventure by marking such documents as "CONFIDENTIAL." Inventure may designate Confidential Information or Materials as "CONFIDENTIAL" if, in the good faith belief of Inventure or its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of Inventure.

### D. Disclosure of Designated Confidential Information/Materials

All Confidential Information and Materials designated as "CONFIDENTIAL" shall not be disclosed by Hutton to any third party other than his counsel and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with the Demand, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

### E. Submission to Court

All Confidential Information and Materials designated as "CONFIDENTIAL" under this Agreement that are included by Hutton in court filings shall be filed with the court under seal, together with any motion necessary to achieve such filing under seal.

Confidential Information and Materials presented as sealed documents shall be filed under seal and lodged with the court in electronic form, pursuant to the local electronic case filing administrative policies and / or procedures manual (if applicable), which may set forth the circumstances in which such documents must be lodged electronically and the instructions for doing so.

If, through inadvertence or otherwise, Confidential Information or Materials designated as "CONFIDENTIAL" are filed with a court not in accordance with this Agreement, Hutton shall immediately bring all pertinent facts relating to such disclosure to the attention of Inventure, counsel for all parties, and to the court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

### F. Use of Confidential Information / Materials

All Confidential Information and Materials shall be held in confidence by Hutton, and shall be used only for purposes as stated in the Demand.  Hutton shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information and Materials.  If Confidential Information or Materials are disclosed to any person other than a person authorized by this Agreement, Hutton must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of Inventure and, without prejudice

to any rights and remedies of any party, make every effort to prevent further disclosure by Hutton and by the person(s) receiving the unauthorized disclosure.

### G. Non-Waiver

Nothing herein, or by virtue of the fact that Inventure may produce documents to Hutton, shall prejudice the right of Inventure to object to the production of any document, does not waive any privilege or protection, and is subject to Inventure's complete reservation of all rights and objections with respect to the Demand.

### H. Successors and Assigns Bound.

The Parties acknowledge and expressly agree that this Agreement shall bind each of its successors and assigns, agents, parents, subsidiaries and affiliates, owners and stockholders, heirs, beneficiaries, trusts, and all others claiming by, through or under them.

### I. Executory Nature of this Agreement.

The Parties acknowledge and expressly agree that each and every representation, covenant, promise and agreement made herein is a necessary and important part and reason for each Party's entry into this Agreement.

### J. Severability.

Should any of the provisions herein be determined to be invalid by a court of competent jurisdiction, it is agreed that this shall not affect the enforceability of any other provision herein and that the Parties shall renegotiate in good faith that provision so determined to be invalid to effectuate the purpose of and to conform to the law regarding such provision.

### K. Controlling Law.

This Agreement shall be construed, interpreted and enforced in accordance with the laws of the State of Arizona without regard to any choice-of-law rules. Any legal action brought with respect to this Agreement shall be brought in the Commercial Court of the Maricopa County Superior Court (or if lacking jurisdiction, a court of competent jurisdiction) in the State of Arizona.

### L. Entire Agreement / Modification in Writing.

This Agreement constitutes the Parties' entire agreement on this matter, superseding all previous negotiations or agreements. There are no understandings, agreements, or representations, oral or written, not specified herein regarding this agreement. The Parties agree that this Agreement may be amended or modified only by a writing executed by the Parties.

### M. Captions.

Any titles, section numbers or section letters appearing in this Agreement are inserted only as a matter of convenience and in no way limit, define, construe or describe the scope or intent of any provision hereof.

### N. Counterparts.

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. A photocopy or a scanned .pdf of this Agreement shall be effective as if it were an original.

**O. Mutually Drafted; Costs.**

The Parties acknowledge that the drafting of this Agreement is a mutual effort among the Parties and their counsel and that this Agreement is not to be construed against any Party as the drafter.

EXECUTED this 12 day of September, 2016.

Inventure Foods, Inc.                                   Robert Hutton

By: _____              _____
Its: CFO