WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hutton, | No. CV-17-00727-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Terry McDaniel, et al., | |
| Defendants. | |

The parties have filed a "stipulated protective order." Doc. 21. The Court will deny the stipulation without prejudice.

First, the Court finds that the parties have failed to show any cause for the need for a protective order in this case. Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Second, the parties state that they will potentially mark confidential, "all information or documents revealed or produced during the course of discovery in these proceedings by any party or third party and/or that were produced by Inventure pursuant to requests submitted pursuant to Title 8, Section 220 of the Delaware General Corporation Law Code ("Section 220["]), whether in response to a document request, interrogatory, deposition, subpoena or otherwise (all such materials are collectively referred to hereinafter as "Discovery Materials"), including any information or documents produced in this action prior to the entry of this Order." Doc. 21 at 2. This request is denied.

The Court will not enter into a retroactive protective order that governs this litigation. In other words, to the extent documents were produced prior to this litigation, they are beyond the scope of this Court's powers to govern discovery (which has not yet begun) in this litigation. Additionally, any protective order in this litigation will be entered into and governed by the Federal Rules of Civil Procedure and the law in the Ninth Circuit. The Court will not look to Delaware state law for purposes of interpreting the scope of a protective order.

Third, consistent with Ninth Circuit law, the Court will not give advance permission to file under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

/ / /

/ / /

/ / /

/ / /

Accordingly,

**IT IS ORDERED** that the stipulated protective order (Doc. 21) is denied, without prejudice.

Dated this 22nd day of June, 2017.

James A. Teilborg
Senior United States District Judge